GEORGE F. WALDRON *vs.* AMERICAN WRINGER COMPANY.

Suffolk.   November 21, 22, 1895. — February 28, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Work and Materials — Contract — Action.*

A. contracted to build a machine for B., according to plans and specifications, for $400, which was to be completed under the supervision of C., the inventor, who was desirous of getting it introduced into B.'s manufactory.   When the machine was completed according to the contract, A. sent a bill for the balance of the $400 then unpaid to B., who wrote to C. as follows: " Are we now to understand that this machine is completed in every respect as per contract, and ready to be set up for operation ? "   C. replied as follows: " While A.'s agreement is fulfilled, the machine is not ready to send, as I· am putting it in shape and running it in at my expense, as I told him I would do when he took it at $400."   Work was afterwards done and materials furnished by A. in changing and reconstructing the machine, to recover for which he brought an action against B. There was nothing to show that C. ever directed A. to work upon the machine after the contract was completed in any other way than as represented in C.'s letter to B.   *Held*, that the action could not be maintained.

CONTRACT, upon an account annexed, for work and materials. Trial in the Superior Court, before *Dunbar*, J., who directed the jury to return a verdict for the defendant; and reported the case for the determination of this court. If the ruling was right, judgment was to be entered on the verdict; otherwise, judgment for the plaintiff. The facts appear in the opinion.

*J. W. Spaulding*, for the plaintiff.

*H. N. Shepard*, for the defendant.

KNOWLTON, J. The plaintiff was under a contract to build a machine for the defendant, according to plans and specifications, for $400. It was to be completed under the supervision of one Stinson, the inventor, who was desirous of getting it introduced into the defendant's manufactory. It was the first of its kind, and the evidence shows that the defendant's manager, one Reuter, doubted whether it would do the work for which it was designed. When the machine was completed according to the contract, the plaintiff sent the defendant a bill for the balance of the $400 then unpaid, and the defendant's manager wrote Stinson a letter, as follows: "New York, December 5, 1893. Mr. C. K. Stinson, No. 142 Kneeland St., Boston, Mass. Dear Sir: A bill has come in from Geo. F. Waldron for the balance on spring machine. Are we now to understand that this machine is completed in every respect as per contract, and ready to be set up at Woonsocket for operation ? Yours truly, The American Wringer Co. Dictated by Geo. Reuter, Jr., Gen. Mgr. & Treas. N. T. A., stenographer." To which Stinson wrote this reply: " Boston, Dec. 6, 1893. Geo. Reuter, Jr. My dear Sir: Yours of the 5th received. In reply would say that, while Waldron's agreement is fulfilled, the machine is not ready *to send to* Woonsocket, as I am putting it in shape and running it in at my expense, as I told him I would do when he took it at $400. Will notify you when ready to ship, which will be some time this month. Meanwhile, if in Boston, kindly call on me, and oblige, Yours very truly, C. K. Stinson." The defendants then paid the plaintiff the balance due under the contract. Work was afterwards done and materials were furnished by the plaintiff in changing and reconstructing the machine, for which he now claims $357.20. The only question in the case is whether this work was done under a contract with the defendant, express or implied.

Stinson was called as a witness for the plaintiff, and testified at length; but there is nothing in his testimony which tends to show that at any time he directed the plaintiff to work upon the machine after the contract was completed in any other way than as represented in his letter to Reuter of December 6, 1893. That letter asserts that, when the plaintiff took the contract, he understood that if the machine, when completed according to the specifications, failed to work as was desired, Stinson expected to put it in shape at his own expense. There was no evidence that the defendant ever assumed to make any contract with the plaintiff except that which has been fully performed on both sides. There was no correspondence between the plaintiff and the defendant in regard to the additional work. On the only occasion when the parties were together, the plaintiff, Reuter, and Stinson were in the shop where the machine was, and Reuter, being asked how he liked the machine, answered, "he did not know much about it," and added, "Don't let that machine go out of this place until it is ready for work." This was a short time after his receipt of Stinson's letter, by which he was informed that, through an arrangement with the plaintiff, the machine was being put in shape by Stinson at his own expense, and his quoted remark has no tendency to show that the defendant was to pay for the work.

The plaintiff was a witness in his own behalf, and he did not testify that Stinson ever said a word about employing him by authority of the defendant, or that he asked him to do work outside of the contract otherwise than under the arrangement stated in the letter from Stinson to Reuter, nor did he contradict the statement of the letter, that, when he took the contract at $400, Stinson told him he would put the machine in shape and run it in at his own expense. The other correspondence between Stinson and the defendant, as well as the oral testimony, tends to show that the defendant did not authorize the work to be done on the machine by the plaintiff at its charge beyond the work called for by the contract, and that Stinson, the inventor, was acting on his own account with its consent, in procuring extra work to be done by the plaintiff. We find nothing in the case that would have warranted a verdict for the plaintiff.

*Judgment on the verdict.*